**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ismael VASQUEZ–FONSECA, Defendant–Appellant.**

**No. 04–60237.**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 18, 2004.

David Anthony Sanders, Oxford, MS, for Plaintiff–Appellee.

Kenneth Harold Coghlan, Oxford, MS, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Ismael Vasquez–Fonseca appeals from his guilty-plea conviction of illegally reentering the United States after having been deported and after having been convicted of an "aggravated felony," a violation of 8 U.S.C. § 1326. Vasquez contends that the district court erred by denying his motion to suppress evidence of his deportation and to dismiss the indictment. He argues that his 1996 deportation proceeding violated the Due Process Clause because the immigration judge erroneously failed to inform him that he was eligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). Vasquez concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

An immigration judge's error in failing to inform an alien of eligibility for forms of discretionary relief under the INA does not violate the alien's right to due process. *United States v. Lopez–Ortiz*, 313 F.3d 225, 230–31 (5th Cir.2002), *cert. denied*, 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The district court did not err by denying Vasquez' motion to suppress evidence of his deportation and to dismiss his indictment.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.